OPINION
{¶ 1} On September 19, 2003, Morgan County Sheriff's Deputies executed a search warrant at the residence of Robert Shawn Hall and/or Shannon Flowers. These individuals were not in the residence during the search. Present in the residence were appellant, Leslie Norris, and co-defendant, Lacinda Lucas.
 {¶ 2} As a result of the search, the Morgan County Grand Jury indicted appellant on two counts of possession of drugs in violation of R.C. 2925.11
(marijuana and crack cocaine) and two counts of trafficking in drugs in violation of R.C. 2925.03. The latter two counts were subsequently dismissed.
 {¶ 3} On May 4, 2004, appellant filed a motion to suppress all evidence seized from the residence, challenging the validity of the search warrant. A hearing was held on May 18, 2004. By judgment entries filed May 27, 2004 and June 3, 2005 upon remand, the trial court denied the motion, finding appellant lacked standing to challenge the search warrant.
 {¶ 4} A jury trial commenced on June 1, 2004. The jury found appellant guilty as charged. By judgment entry filed September 14, 2004, the trial court sentenced appellant to three years in prison on the crack cocaine count and six months on the marijuana count, to be served concurrently.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "MS. NORRIS' RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS WAS DENIED WHEN SHE WAS CONVICTED OF VIOLATING R.C. 2925.11 ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE CONVICTION."
 II {¶ 7} "THE STATE FAILING TO PROVE IDENTIFICATION AND VENUE IS AN ESSENTIAL ELEMENT OF THE OFFENSE AND EVIDENCE AGAINST THE APPELLANT WAS LEGALLY AND FACTUALLY INSUFFICIENT TO SUSTAIN A CONVICTION FOR POSSESSION OF DRUGS."
 III {¶ 8} "THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE OBTAINED DURING ILLEGAL SEARCH OF THE DILLEY ROAD ADDRESS."
 IV {¶ 9} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL MADE PURSUANT TO OHIO CRIMINAL RULE 29."
 I {¶ 10} Appellant claims there was insufficient evidence to support the conviction for possession of drugs. In particular, appellant claims the state failed to establish actual or constructive possession of the drugs. We disagree.
 {¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey, 64 Ohio St.3d 353, 363,1992-Ohio-44. Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks.
 {¶ 12} Appellant was convicted of possession of marijuana and cocaine in violation of R.C. 2925.11(A) which states, "No person shall knowingly obtain, possess, or use a controlled substance." Appellant argues the evidence was insufficient to meet the statutory definition of possession which states, "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(L). "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." R.C. 2901.21(C).
 {¶ 13} It is conceded that appellant was not the "owner" or "lessee" of the residence wherein the drugs were found. However, it is clear from the photographs in evidence that a gym bag containing marijuana belonging to appellant was found in the bedroom. T. at 96, 185, 187; State's Exhibits EE and FF. Clearly this implies more than a casual connection to the residence.
 {¶ 14} Upon entering the residence, the police found appellant and the co-defendant seated at a table with the drugs "right there with them." T. at 65, 78. The photographs also depict the immediate proximity of appellant to the drugs. State's Exhibits B, C and D; T. at 70-72. The drugs were within her immediate control.
 {¶ 15} Upon review, we find sufficient evidence, albeit circumstantial, to support the jury's verdict.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellant claims the state failed to establish identification and venue. We disagree.
 {¶ 18} It is axiomatic that unless stipulated, the state must establish the offense occurred in Morgan County. The trial court concluded there was sufficient evidence to establish venue. T. at 218. The trial court also instructed the jury that venue was an element of the offense. T. at 228.
 {¶ 19} We have reviewed the evidence and find the deputies testified the residence was located on "Dilly Road, Happy Hollow in Marion Township" (T. at 64), "specifically 7884 Dilly Road" (T. at 132) and "Marion Township Township Road 14, Chesterhill." T. at 105. One of the deputies explained that prior to the search warrant, they "staged up down the road at the Washington-Morgan County line." T. at 64.
 {¶ 20} Upon review, we conclude the trial court did not err in finding sufficient evidence to establish venue.
 {¶ 21} During the trial, one of the deputies stated the "two defendants, Leslie Norris and Lucinda Lucas, were at the kitchen table in the kitchen area of the trailer." T. at 65. The trial court found the deputy, by referring to the defendants and looking towards them, indicated appellant was one of the individuals in the residence. T. at 218-219. Further on cross-examination, Ms. Lucas's defense counsel asked the following question:
 {¶ 22} "Q. All right. So this is a depiction as to what you saw when you were leading my client and this other young lady out in handcuffs?
 {¶ 23} "A. Yes sir." T. at 92.
 {¶ 24} Upon review, we conclude the record was sufficient to establish identification of appellant.
 {¶ 25} Assignment of Error II is denied.
 III {¶ 26} Appellant claims the trial court erred in denying her motion to suppress. We disagree.
 {¶ 27} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485;State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 28} In its judgment entry filed June 3, 2005, the trial court specifically found appellant did not have standing to challenge the search warrant:
 {¶ 29} "There was no evidence presented that Lucinda Lucas or Leslie Norris owned, occupied or were residents of the premises searched.
 {¶ 30} "It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure. Standing is not achieved solely by a person's status as a defendant, nor by introduction of damaging evidence. The personal standing requirement applies, as well, to co-conspirators, and the violation of one co-conspirator's Fourth Amendment rights does not confer standing upon another co-conspirator. Consequently, before a court may review the reasonableness of police behavior, the defendant must be able to demonstrate that his Fourth Amendment right to privacy was violated. A defendant has the burden of proving standing. Alderman v. United States, 394 U.S. 165, (1969); Rakasv. Illinios, 439 U.S. 128, (1978); Rawlings v. Kentucky, 448 U.S. 98, 106,(1980); U.S. v. Padilla, 508 U.S. 77, (1993);U.S. v. Salvucci, 448 U.S. 83, (1980)." Finding of Fact No. 8 and Conclusion of Law No. 6, respectively.
 {¶ 31} During the suppression hearing, a discussion was held between the trial court and counsel that the search warrant had been executed in the name of "Shannon Flowers." May 18, 2004 T. at 52-53.
 {¶ 32} Upon review, we find the trial court did not err in denying the motion to suppress.
 {¶ 33} Assignment of Error III is denied.
 IV {¶ 34} Appellant claims the trial court erred in not granting her Crim.R. 29 motion for acquittal. We disagree.
 {¶ 35} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 36} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 37} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 38} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 39} The motion was made at the conclusion of all the evidence. Given our decisions in the previous assignments, we find this issue to be moot.
 {¶ 40} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is affirmed.